UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:  CV 17-07643 FMO (RAOx)                    Date:  November 30, 2018
Title:      Zahra Afianian v. Elaine Duke, et al.


Present:        The Honorable  **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

              Donnamarie Luengo                             N/A
                 Deputy Clerk                        Court Reporter / Recorder

     Attorneys Present for Plaintiff(s):        Attorneys Present for Defendant(s):

                   N/A                                       N/A

**Proceedings:**          (In Chambers) **MINUTE ORDER DENYING MOTION TO
                          COMPEL [56]**


     Pending before the Court is Plaintiff Zahra Afianian's ("Plaintiff") Motion to Compel
Discovery ("Motion").  Dkt. No. 56.  The Court finds this matter appropriate for decision
without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons set forth below, the
Court DENIES the Motion.


**I.      BACKGROUND**

     Plaintiff filed her First Amended Complaint ("FAC") on January 24, 2018 against
Defendants Kirstjen Nielsen, L. Francis Cissna, Rex Tillerson, and Jeff Sessions (collectively,
"Defendants") in their official capacities.  Dkt. No. 29.  Plaintiff is the guardian of her
granddaughter, Yasaman Yaghoot.  FAC ¶¶ 2-3.  Plaintiff filed an I-130 Petition for Alien
Relative on October 20, 2011.  *Id.* ¶ 5.  The Department of Homeland Security ("DHS") and
United States Citizenship and Immigration Services ("USCIS") granted the I-130 Petition on
December 11, 2013.  *Id.* ¶ 6.  On December 6, 2016, DHS revoked the approved I-130 Petition.
*Id.*  Plaintiff appealed the revocation.  *Id.* ¶¶ 46-47.  The Board of Immigration Appeals ("BIA")
affirmed the revocation on September 18, 2017.  *Id.* ¶ 48.

     Plaintiff brings a claim under the Administrative Procedure Act ("APA"), and due
process and equal protection claims under the U.S. Constitution.  *Id.* ¶¶ 49-74.  Plaintiff alleges
that the Defendants' blanket policy of deeming invalid Petitions for Alien Relative under the
adoption category where the parent-child relationship was formed in a Sharia law-influenced
country is contrary to law and arbitrary and capricious.  *Id.* ¶ 50.  Plaintiff alleges that
Defendants' revocation decision was flawed because it was based on administrative decisions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 17-07643 FMO (RAOx)                   Date:   November 30, 2018
Title:         Zahra Afianian v. Elaine Duke, et al.

interpreting the adoption law of countries not related to this case and a statute that has not been in effect for nearly 30 years.  *Id.* ¶ 56.  Plaintiff also alleges that the revocation was based on national origin and/or religion and thus denied Plaintiff equal protection because Plaintiff was subject to a different standard than other similarly situated petitioners not from Iran or a Sharia law country.  *Id.* ¶ 60.

On July 31, 2018, Plaintiff propounded Plaintiff's Discovery Request and Demand for Documents on Defendants.  Mot., Ex. 1.  Defendants filed the Certified Administrative Record ("CAR") on August 30, 2018.  Dkt. No. 52.  On September 9, 2018, Defendants served their response and objections to Plaintiff's discovery requests.  Mot., Ex. 2.

The undersigned held a telephonic hearing on October 9, 2018.  Dkt. No. 55.  The Court and parties agreed that formal briefing was warranted.  *Id.*  On November 1, 2018, Plaintiff filed her Motion.  Dkt. No. 56.  On November 13, 2018, Defendants filed their Opposition.  Dkt. No. 61.  Plaintiff filed her Reply on November 16, 2018.  Dkt. No. 63.

## II.        DISCOVERY REQUESTS AT ISSUE

Plaintiff moves to compel production of documents and amended responses to the following requests for production.[1]

**Request No. 1**: All documents relating to approved I-130 Family Immigration Petitions[] filed by a U.S. citizen, where the beneficiary is a child, and the U.S. citizen has custody, guardianship and/or adoption judgment from a court located in a country influenced by Islamic law for the child beneficiary.

**Request No. 2**: All documents relating to Defendants' revocation and/or intent to revoke approved I-130 Family Immigration Petition filed by a U.S. Citizen, where the beneficiary is a child, and the U.S. citizen has custody, guardianship and/or adoption judgment from a court located in a country influenced by Islamic law for the child beneficiary.

**Request No. 3**: All documents relating to Defendants' rejection and/or denial of an I-130 Family Immigration Petition filed by a U.S. Citizen, where the beneficiary is a child, and the U.S. citizen

---

[1] There appear to be some discrepancies between the requests listed in the discovery requests propounded on Defendants and the requests listed in the Motion.  The Court will refer to the numbering and requests as set forth in the propounded discovery.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   CV 17-07643 FMO (RAOx)                    Date:   November 30, 2018
Title:        Zahra Afianian v. Elaine Duke, et al.


has custody, guardianship and/or adoption judgment from a court located in a country not
influenced by Islamic law for the child beneficiary.

**Request No. 4**: All documents relating to approval of I-130 Family Immigration Petitions filed
by non U.S. citizens, where the beneficiary is a child, and the non-U.S. citizen has custody,
guardianship and/or adoption judgment from a court located in a country influenced by Islamic
law for the child beneficiary.

**Request No. 5**: All documents relating to Defendants' revocation and/or intent to revoke
approved I-130 Family Immigration Petition filed by a U.S. Lawful Permanent Resident, where
the beneficiary is a child, and the U.S. citizen has a custody, guardianship and/or adoption
judgment from a court located in a country influenced by Islamic law for the child beneficiary.

**Request No. 6**: All documents relating to Defendants' rejection and/or denial of an I-130 Family
Immigration Petition filed by a U.S. Lawful Permanent Resident, where the beneficiary is a
child, and the U.S. citizen has custody, guardianship and/or adoption judgment from a court
located in a country influenced by Islamic law for the child beneficiary.

**Request No. 7**: All documents relating to Defendants' rejection and/or denial of an I-485
Adjustment of Status Petition filed by a child beneficiary, and the eligibility for adjustment is
based on custody, guardianship, and/or adoption judgment from a court located in a country
influenced by Islamic law for the child beneficiary.

**Request No. 8**: All documents related to administrative appeals, Board of Immigration Appeals,
advisory opinions, and/or grievances filed against the Defendants(s) pertaining to establishing a
parent-child relationship for an immigration benefit based on custody, guardianship, and/or
adoption.

**Request No. 9**: All studies, reports, or analysis documents done by Defendants(s) employees,
staff, officers, consultants, government agencies sub-divisions or others related to any and all
practice, policy, procedure, or statistic that pertains to "Sharia law" and "country influenced by
Islamic Law."

**Request No. 10**: All memoranda, policies, handbook, and manuals on adoption, custody and
guardianship in "Sharia law" and "country influenced by Islamic law" since the decision of
*Matter of Mozeb*, Interim Decision #2422 (1975).

**Request No. 11**: Any appellate files as well as any and all memoranda, case law and legal
citations utilized as basis for revoking Plaintiff Zahra Afianian's approved I-130 petition.

**Request No. 12**: All documents reflecting the number of I-130 Family Immigration Petitions
filed based on custody, guardianship, and/or adoption judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 17-07643 FMO (RAOx)                    Date:  November 30, 2018
Title:     Zahra Afianian v. Elaine Duke, et al.

**Request No. 13**: All documents reflecting the number of I-130 Family Immigration Petitions filed based on custody, guardianship, and/or adoption judgment from a court in a non-Muslim country.

**Request No. 14**: All documents reflecting the number of I-130 Family Immigration Petitions filed based on custody, guardianship, and/or adoption judgment from a court in a "country influenced by Islamic Law."

**Request No. 15**: All documents reflecting the number of approved I-130 Family Immigration Petitions based on custody and/or guardianship judgment in a non-Muslim country.

**Request No. 16**: All documents reflecting the number of approved I-130 Family Immigration Petitions that were issued notice(s) of intent to revoke that pertain to custody, guardianship, and/or adoption of a child beneficiary in a country influenced by Islamic Law.

**Request No. 17**: All documents reflecting the number of approved I-130 Family Immigration Petitions that were revoked that pertain to custody, guardianship, and/or adoption of a child beneficiary in a country influenced by Islamic Law.

**Request No. 18**: All documents reflecting the number of approved I-485 Adjustment of Status Petitions that were issued notice(s) of intent to revoke that pertain to custody, guardianship, and/or adoption of a child beneficiary in a country influenced by Islamic law.

### III.     DISCUSSION

#### A.     Discovery on APA Claim

##### 1.     Legal Standard

In considering an APA claim, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). "The whole administrative record . . . consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (internal quotation marks and citation omitted). "An agency's designation and certification of the administrative record is treated like other administrative procedures, and thus entitled to a presumption of administrative regularity." *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007) (*citing Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 17-07643 FMO (RAOx)              Date:   November 30, 2018
Title:       Zahra Afianian v. Elaine Duke, et al.

Expansion of the record is allowed only under four narrowly construed circumstances: "(1) supplementation is necessary to determine if the agency has considered all factors and explained its decision; (2) the agency relied on documents not in the record; (3) supplementation is needed to explain technical terms or complex subjects; or (4) plaintiffs have shown bad faith on the part of the agency." *Fence Creek Cattle Co. v. United States Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010) (citations and quotations omitted). "These limited exceptions operate to identify and plug holes in the administrative record," and are "narrowly construed and applied." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). Plaintiff, as the party seeking extra-record evidence, has the burden to prove that one of the exceptions applies. *San Luis National Audubon Soc. v. Butler*, 160 F. Supp. 2d 1180, 1186 (W.D. Wash. 2001).

   2.       The Parties' Arguments

Plaintiff argues three of the four exceptions to the record review rule apply. Reply at 9-10. First, Plaintiff contends the agency action is not adequately explained in the record before the Court because the agency has failed to consider the Iranian Judicial Attorney of Fars Province's declaration and the United Nations' recognition of adoptions in Iran. Mot. at 47. Plaintiff also argues that the agency has failed to explain why fifty-year old cases were applied to Plaintiff's case. Reply at 10. Plaintiff asserts the inadequacies in the record demonstrate a gap in information, and evidence beyond the administrative record will be necessary to determine whether an adoption in a Sharia law country could be a "full and final" adoption. *Id.* at 11. Plaintiff contends the agency failed to consider factors that are relevant to its final decision, mainly the specific law of Iran as applied under its civil family code. *Id.*

Plaintiff also asserts that the fact that Defendants made broad conclusory statements that Sharia law countries do not have adoption and referred to an agency manual that also made the same conclusory statements supports Plaintiff's argument that there are additional documents upon which Defendants relied. Mot. at 10-12, 30-31. Plaintiff points to the citation of cases in the decisions and the fact that the application was returned to the U.S. Citizenship and Immigration Services – California Service Center. *Id.* at 11. Plaintiff argues that she "simply seeks" production of all other documents that were used or applied by Defendants to Plaintiff's case. *Id.* at 12, 31.

Third, Plaintiff asserts that the existence of Defendants' blanket policy shows bad faith and improper behavior. Mot. at 46. Plaintiff argues that the concern is whether an agency is implementing the law in a biased fashion. *Id.* at 47-48.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 17-07643 FMO (RAOx)                    Date:   November 30, 2018
Title:        Zahra Afianian v. Elaine Duke, et al.

Defendants contend that Plaintiff has not demonstrated the need for extra-record discovery. Opp'n at 7. Defendants assert that the certified administrative record ("CAR") demonstrates that USCIS considered all relevant factors, explained its decision, and did not rely on documents outside of the record. *Id.* Defendants argue that Plaintiff has offered only speculation as to her argument that Defendants' "blanket policy" constitutes bad faith. *Id.* at 8. Defendants maintain that the record shows Defendants followed the process and afforded Plaintiff all opportunity to demonstrate her eligibility for the benefit sought. *Id.*

> 3.    Analysis

Plaintiff has not shown she is entitled to discovery based on the first exception. Plaintiff primarily argues the merits of her case, citing to various pieces of evidence that Defendants failed to consider. *See* Reply at 10-11. These arguments may support a request to augment the record with these extra-record pieces of evidence, but they do not show why Plaintiff is entitled to the requested discovery. Moreover, where "there was such failure to explain administrative action as to frustrate effective judicial review," the remedy is "to obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary." *Camp*, 411 U.S. at 142-143. "[T]he preferred procedure is to remand to the agency for its amplification." *Public Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982). Even assuming Plaintiff has shown that the agency should have considered other evidence or explained why it did not find persuasive certain arguments, Plaintiff's discovery requests here do not seek further explanation of the reasons for the agency decision. Thus, discovery is not warranted based on the first exception.

Turning to Plaintiff's argument that the agency relied on documents not in the record, some courts have "permitted discovery when those challenging agency action have contended the record was incomplete, in order to provide a record of all documents and materials directly or indirectly considered by the agency decisionmakers." *Id.* Plaintiff argues that the agency must have considered information outside of the record because it revoked Plaintiff's I-130 petition based on the same evidence that it had relied on to approve the I-130 petition in 2013. *See* Reply at 14. Plaintiff also asserts that the fact that Defendants made broad conclusory statements that Sharia law countries do not have adoption must mean that there are additional documents upon which Defendants relied upon. Mot. at 10-12, 30-31. These speculative assertions are insufficient to show entitlement to discovery to fill in the gaps of an allegedly incomplete record. To the extent Plaintiff argues that it was improper for Defendants to deny Plaintiff's petition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 17-07643 FMO (RAOx)                         Date:   November 30, 2018
Title:   Zahra Afianian v. Elaine Duke, et al.

based on the same evidence on which they initially granted the petition or based on conclusory statements, Plaintiff is arguing the merits of her claim that Defendants' decision was arbitrary and capricious.  *See Carlsson v. U.S. Citizenship and Immigration Services*, No. 2:12-cv-07893-CAS(AGRx), 2015 WL 1467174, at *7 (C.D. Cal. Mar. 23, 2015) (denying discovery pursuant to one of the exceptions where plaintiff made "merits arguments rather than evidence-backed reasons for allowing discovery on APA claims").  Plaintiff also does not sufficiently explain why the application being returned to the U.S. Citizenship and Immigration Services – California Service Center means that an advisory opinion was sought.  Plaintiff has not met her burden to show that the agency relied on documents not in the record.

Finally, Plaintiff alleges that she is entitled to discovery because the blanket policy of denial of adoption category Form I-130s where the parent-child relationship was formed in a Sharia law influenced country constitutes bad faith.  "Normally there must be a strong showing of bad faith or improper behavior before the court may inquire into the thought process of administrative decisionmakers."  *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988).  "A plaintiff seeking discovery based on allegations of bad faith or prejudgment must make allegations that are serious and nonconclusory, or present independent evidence of improper conduct."  *Moralez v. Perdue*, No. 1:16-CV-00282-AWI-BAM, 2017 WL 2264855, at *2 (E.D. Cal. May 24, 2017) (citing *Air Transp. Ass'n of Am., Inc. v. Nat'l Mediation Bd.,* No. CIV.A 10-0804 PLF, 2010 WL 8917910, at *2 (D.D.C. June 40, 2010)) (internal punctuation omitted).  Even if a court disagrees with the agency's assessment of facts before it or finds the agency's view was wrong, this does not mean the agency's decision based on that assessment was reached in bad faith.  *See Sierra Club v. U.S. Army Corps of Engineers*, 701 F.2d 1011, 1044 (2d Cir. 1983).

Here, Plaintiff has not met her burden in showing entitlement to discovery due to bad faith or improper behavior.  Plaintiff argues that the "blanket policy" implemented by Defendants constitutes bad faith.  This, however, constitutes disagreement with Defendants' purported policy to deny petitions based on adoptions in Sharia-law countries, and not a showing of bad faith or improper behavior.  To the extent Plaintiff is arguing she is entitled to discovery because of Defendants' improper use of a secret policy to deny her petition, *see* Reply at 12-13, the Court is not persuaded as the record indicates Defendants expressly denied Plaintiff's petition because the adoption was governed by Sharia law.  *See, e.g.*, CAR at 4 ("From the evidence before us, we are not satisfied that the custody and guardianship decrees issued by the civil courts in the Islamic Republic of Iran created a legal relationship between the petitioner and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 17-07643 FMO (RAOx)          Date:  November 30, 2018
Title:  Zahra Afianian v. Elaine Duke, et al.

beneficiary with the same irrevocable rights . . . accorded to a birth child."); CAR at 271
("Islamic Sharia law only allows for guardianship and this does not create the legal parent-child
relationship needed for this immigrant visa category.").  Further discovery regarding this
purportedly improper behavior is not necessary because the allegedly improper reason is set forth
in the record.  Plaintiff's citation to *Coleman v. Hartford Life Ins. Co.*, 432 F. Supp. 2d 1030
(C.D. Cal. 2006), is also unpersuasive.  In *Coleman*, the court found that it may consider
evidence outside the administrative record to determine what standard of review should apply in
reviewing the decision of an ERISA plan administrator, but it declined to do so because it did not
find the additional documents necessary in arriving at its decision.  *Id.* at 1035.  *Coleman* did not
address whether discovery is warranted on an APA claim, and Plaintiff may pursue arguments
regarding the applicable standard of review before the District Court at the appropriate time.

In summary, the Court finds that Plaintiff has not met her burden in showing that she is
entitled to discovery outside of the administrative record on her APA claim.

**B.      Discovery on Constitutional Claims**

1.      Legal Standard

There is no consensus among district courts on whether discovery should be permitted for
constitutional claims that are brought alongside an APA claim.  *See Chiayu Chang v. United
States Citizenship & Immigration Services*, 254 F. Supp. 3d 160, 151 (D.D.C. 2017) (noting
disagreement among district courts as to whether the assertion of constitutional claims takes a
case outside the APA record review rule).

Some courts have permitted discovery outside of the administrative record for
constitutional claims.  *See Carlsson*, 2015 WL 1467174, at *12 (permitting limited discovery on
retroactivity claims where plaintiffs "set out with reasonable specificity the facts they hope[d] to
obtain through discovery and how those facts would help them advance their claims"); *Grill v.
Quinn*, No. CIV S-10-0757 GEB GGH PS, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012)
(finding "discovery as to the non-APA claim is permissible"); *Puerto Rico Pub. Hous. Admin, v.
U.S. Dep't of Hous. & Urban Dev.*, 59 F. Supp. 2d 310, 328 (D.P.R. 1999) (authorizing
discovery on constitutional claims brought alongside APA claims); *cf. Rydeen v. Quigg*, 748 F.
Supp. 900, 903-06 (D.D.C. 1990) (refusing to consider affidavits outside of the administrative
record for APA claims but considering those affidavits in reviewing constitutional challenges).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   CV 17-07643 FMO (RAOx)                          Date:    November 30, 2018
Title:       Zahra Afianian v. Elaine Duke, et al.


Other courts have found that the APA's procedural provisions limiting discovery apply to constitutional claims brought with the APA claim.  *See Evans v. Salazar*, Case No. C08-0372-JCC, 2010 WL 11565108, at *2 (W.D. Wash. July 7, 2010) (denying discovery on constitutional claims); s*ee also Chiayu Chang*, 254 F. Supp. 3d at 161 (denying discovery on retroactivity, due process, and equal protection claims); *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1240 (D.N.M. 2014) (finding that plaintiffs' First Amendment retaliation claim is subject to the APA's provisions because it arises from a final agency action); *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 12-13 (D.R.I. 2004) (finding that plaintiff's due process claim does not alter the conclusion that the court must confine its review to the administrative record); *Alabama-Tombigbee Rivers Coal. v. Norton*, No. CIV.A.CV-01-S-0194-S 2002 WL 227032, at *5-6 (N.D. Ala. Jan. 29, 2002) (denying plaintiff's request for discovery for its constitutional claim because "when there is a contemporaneous explanation of the agency decision, the validity of that action must stand or fall on the propriety of that finding" and whether it is "sustainable on the administrative record made" (citation omitted)).

Still other courts have taken flexible approaches depending on the facts and claims in the case at hand.  For example, in *Tafas v. Dudas*, 530 F. Supp. 2d 786 (E.D. Va. 2008), the court noted that "in adjudicating constitutional claims under the APA, courts have permitted plaintiffs to submit evidence that was not part of the administrative record."  *Id.* at 802.  However, the court found that the administrative record there was sufficient for the court to render a decision on the constitutional claim.  *Id.* at 802-03.  In *Bellion Spirits, LLC v. United States*, the court declined to adopt a bright line rule but determined that it would not consider extra-record evidence for any constitutional claim that would require the court "to analyze the substance of an agency's decision that is, in turn, based on an evaluation of that record."  ___ F. Supp. 3d ____, 2018 WL 4637013, at *7 (D.D.C. 2018).

Even when discovery is permitted for constitutional claims brought alongside an APA claim, "wide-ranging discovery is not blindly authorized at a stage in which an administrative record is being reviewed."  *Puerto Rico Public Housing Admin.*, 59 F. Supp. 2d at 327; *Tafas*, 530 F. Supp. 2d at 802.

           2.       The Parties' Arguments

Plaintiff argues that discovery is not limited to the administrative record because Plaintiff has also filed claims of constitutional and federal law violations. Mot. at 45.  The requested

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   CV 17-07643 FMO (RAOx)                          Date:   November 30, 2018
Title:      Zahra Afianian v. Elaine Duke, et al.


discovery is relevant to the existence of a blanket policy based on national origin and/or religion, which violated the Immigration and Nationality Act's parent-child relationship provision. *Id.* at 45-46. Plaintiff contends that *Camp* is distinguishable because the case did not involve any constitutional claims. *Id.* at 46.

Defendants contend that discovery is not available in an APA case simply because Plaintiff has "cloaked her complaint in constitutional garb." Opp'n at 7, 9. Because the administrative record shows that Defendants did not apply a "blanket policy" to Plaintiff's Form I-130, the resolution of her claims do not require discovery. *Id.*

In reply, Plaintiff argues that the discovery requests are relevant to her due process and equal protection claims. Reply at 6-7. Plaintiff attaches a November 6, 2012 memorandum from USCIS, which provides that adoption for immigration purposes does not exist in countries that follow traditional Islamic law. *Id.* at 7, Ex. 1. Plaintiff asserts that this memorandum is based upon cases that are nearly fifty years old. *Id.* at 7. Plaintiff contends that she and other similarly situated Lawful Permanent Residents have not been provided the opportunity to show that their countries' legal systems have evolved in the last fifty years. *Id.* Plaintiff argues that by making a blanket statement and ignoring facts of Plaintiff's case, USCIS is making a blanket determination that no adoption that comes out of a Sharia law country will satisfy U.S. laws. *Id.* at 8-9.

3.      Analysis

The Court declines to adopt a bright line rule regarding the permissibility of discovery cases where constitutional claims are brought alongside APA claims. Rather, the Court finds that given the claims and the breadth of the requested discovery here, Plaintiff is not entitled to discovery.

Plaintiff essentially requests all I-130 petitions since January 1, 2012, a subset of I-485 petitions filed since January 1, 2012, and all appeals regarding immigration benefits based on adoption or guardianship since January 1, 2012. Plaintiff argues that she needs this discovery to determine whether there is a pattern of approving or denying adoption-related petitions based on whether Sharia law governs. Plaintiff, however, cites to a 2012 USCIS policy memorandum that appears to set forth the blanket policy Plaintiff is challenging. Additionally, as noted above, the CAR shows that Plaintiff's petition was denied, at least in part, because her relationship with Yaghoot was governed by Sharia law. It is unclear why Plaintiff needs further discovery as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    CV 17-07643 FMO (RAOx)                    Date:    November 30, 2018
Title:       Zahra Afianian v. Elaine Duke, et al.

the alleged blanket policy where she has an official policy memorandum and statements in the record that appear to set forth the allegedly unconstitutional practice.  Plaintiff also has not shown her need for all studies and reports on Sharia or Islamic law or all policies on adoption and guardianship in Sharia or Islamic law since 1975.  In short, Plaintiff has not justified the need for this "wide-ranging" discovery in a case where her constitutional claims will be considered alongside her APA claim.

IV.     **CONCLUSION**

Accordingly, Plaintiff's Motion to Compel is DENIED.

The parties previously raised a discovery dispute regarding Plaintiff's requests for admission and interrogatories.  *See* Dkt. No. 60.  The parties are directed to meet and confer as to the effect of this order on their other dispute.  If the parties cannot resolve their dispute, they may contact the Court's Clerk to request an informal discovery telephonic conference.[2]

**IT IS SO ORDERED.**

                                                                          :
                                         Initials of Preparer          dl

---

[2] The fact discovery cut-off is December 14, 2018, and "[a]ny motion . . . challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained . . . before the discovery cut-off if the motion is granted."  Scheduling and Case Management Order Re: Bench Trial, Dkt. No. 45.  The undersigned does not have the authority to extend this cut-off and cannot compel discovery or hear any disputes past this deadline without an order from the District Judge permitting otherwise.