YOLANDA C. RONDON

ATOOSA VAKILI
Law Office of Atoosa Vakili

ROSELINE FERAL
Law Office of Roseline D. Feral

*Attorneys for Plaintiff*

JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
LAUREN FASCETT
Senior Litigation Counsel
WILLIAM H. WEILAND
JOSEPH F. CARILLI, JR.
Trial Attorneys

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| ZAHRA AFIANIAN, | Case No. 2:17-cv-07643-FMO-RAO |
|---|---|
| Plaintiff, | **(PROPOSED) STIPULATED PROTECTIVE ORDER** |
| v. | |
| KEVIN MCALEENAN, *et al.*, | |
| Defendants. | |

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this Action is likely to involve production of private information of non-parties to this litigation and of information designated as for-official-use-only for which special protection from public disclosure and from use

for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (hereinafter "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

    1.1  <u>Good Cause Statement</u>. This Action is likely to involve the production of information normally protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, information normally protected from release under the Freedom of Information Act, 5 U.S.C. § 552, and information designated as limited official use or official use only, or information otherwise protected from disclosure under state or federal statutes, federal regulations, court rules, case decisions, or common law, for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. For example, in addition to information covered by the Privacy Act, the Action may involve information protected by 8 U.S.C. § 1367(a)(2) or 8 C.F.R. § 208.6. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable, necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be withheld from disclosure or designated as confidential for tactical reasons and that nothing be so withheld or designated without a good faith belief that it has been maintained in a confidential, non-public manner.

Information covered under this Order shall be separated into three categories:

Category 1. Personal privacy information of third parties contained in a Form I-130, Petition for Alien Relative, a document submitted in support of an applicant's Form I-130 Petition, and a decision by the United States Citizenship and Immigration Services ("USCIS") on an application for an immigration benefit, to include:

      (a)    names;

      (b)    address;

      (c)    telephone number;

      (d)    birth date;

      (e)    social security number, other personal identification number, tax identification number, alien registration number ("A number"), complete petition receipt numbers, passport number, driver license number, and any similar identifier assigned to an individual by the federal government, a state or local government of the United States, or the government of any other country;

      (f)    any other information that, either alone or in association with other related information, would allow the identification of the particular individual(s) to whom the information relates;

      (g)    bank account numbers, credit card numbers, and other financial information that can be specifically linked to an individual's or entity's financial account;

      (h)    medical information, such as medical records, medical treatment, and medical diagnoses;

      (i)    information covered under Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.2(a);

      (j)    information routinely protected from release under the Freedom of Information Act Exemption 6, 5 U.S.C. § 552(b)(6); and

(k)     any information protected or restricted from disclosure by a state or federal statute or regulation, but which the Court may order produced, such as information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, and other statutes or regulations that may prevent disclosure of specific information related to noncitizens, including but not limited to: 8 U.S.C. §§ 1160(b)(5), (6); 1186A(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.11, 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, and 1208.6, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Category 2. Foreign Language documents submitted by an applicant in support of a Form I-130, Petition for Alien Relative.

Category 3. Information designated as limited-official-use or for-official-use-only information contained in a federal agency policy, memorandum, instruction, or training presentation or guide, to include:

(a)     information compiled for law enforcement purposes, including but not limited to, techniques related to the integrity of the legal immigration system, indicators used to identify suspected or known fraud, criminal activity, public safety, or national security;

(b)     information routinely withheld from release under the Freedom of Information Act Exemption 7C, 5 U.S.C. § 552(b)(7)(C); and

(c)     information designated as sensitive but unclassified or designated as a category of controlled unclassified information.

1.2     Acknowledgment of Procedure for Filing Under Seal. The Parties acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause. Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2. <u>DEFINITIONS</u>

    2.1    <u>Action</u>: this pending federal lawsuit.

    2.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). Items under Category 3 not protected by an applicable privilege may be marked as "ATTORNEY'S EYES ONLY/CONFIDENTIAL."

    2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY/CONFIDENTIAL."

    2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, or responses to discovery, or any other means, by and between the Parties in this matter.

    2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    2.7    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

    2.8    <u>Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm or the Department of Justice that have appeared on behalf of that Party, and includes support staff.

2.9    Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY/CONFIDENTIAL."

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this Order that is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in

advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Confidential information not used or introduced as an exhibit at trial remains subject to the confidentiality obligations imposed by this Order, even after final disposition of this litigation, until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>WITHHOLDING OF PERSONAL PRIVACY INFORMATION AND FOREIGN LANGUAGE DOCUMENTS</u>

      5.1   <u>Personal Privacy Information (Category 1)</u>. The Parties agree that Defendants may withhold from production any information described in Category 1 because of Defendants obligations to maintain the confidentiality of an individual that submits an application for an immigration benefit to USCIS and of the nature of this Action, which is a challenge by a single plaintiff and not a class action. Defendants shall redact any information covered in Category 1 using a black-out redaction tool.

      5.2   <u>Foreign Language Documents (Category 2)</u>. The Parties agree that Defendants may withhold from production any documents described in Category 2 because the burden associated with the review of a Foreign Language document for information described in Category 1 is not outweighed by the benefit. Any Foreign Language document considered in support of a Form I-130, Petition for Alien Relative, will be accompanied by an English translation provided by the petitioner. *See* 8 C.F.R. § 204.1 (f)(3) (requiring that "Foreign language documents must be accompanied by an English translation which has been

certified by a competent translator.").  Defendant shall redact in full a Foreign Language document described in Category 2 using a text redaction tool, labeling each redaction with "Foreign Language Document." Defendant will produce the required English translations that accompanied such foreign documents, subject to any other applicable provision of this Protective Order, or exercise of governmental privilege.

6. <u>DESIGNATING PROTECTED MATERIAL</u>

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY/CONFIDENTIAL." (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive

the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. and if applicable, schedule a pre-discovery motion telephonic conference with the Court prior to filing a discovery motion, as set forth in the Judges' Procedures, Discovery Motions, *available at* http://www.cacd.uscourts.gov/ honorable-rozella-oliver.

7.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, or as required by statute. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the

Action has been terminated, a Receiving Party must comply with the provisions of paragraph 14 of this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Plaintiff to whom the "CONFIDENTIAL" information specifically pertains, ,

(b) Counsel providing individual representation to the Plaintiff, but only as to "CONFIDENTIAL" information pertaining to the Plaintiff;

(c) the Receiving Party's Counsel of Record in this Action, as well as employees, volunteer attorneys or interns of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action ;

(d) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(e) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the Court and its personnel;

(g) court reporters and their staff;

(h) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(k)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8.3 <u>Disclosure of "ATTORNEY'S EYES ONLY/CONFIDENTIAL" Information.</u>

(a) Only Outside Counsel of Record for Plaintiffs, the Court, and such Court personnel as the Court deems appropriate are granted access to the "ATTORNEY'S EYES ONLY/CONFIDENTIAL" material pursuant to this Order. Access beyond these individuals is not permitted unless first negotiated by the Parties on a case-by-case basis or by prior order of the Court.

(b) Except as provided herein, no person having access to "ATTORNEY'S EYES ONLY/CONFIDENTIAL" material shall make any disclosure of "ATTORNEY'S EYES ONLY/CONFIDENTIAL" material without further Order of the Court, except to other persons having access to the "ATTORNEY'S EYES ONLY/CONFIDENTIAL" material pursuant to this Order.

(c) Except as otherwise negotiated by the Parties to this matter, no person with access to the "ATTORNEY'S EYES ONLY/CONFIDENTIAL" material pursuant to paragraph 8.3(a) shall use or disclose "ATTORNEY'S EYES ONLY/CONFIDENTIAL" material for purposes other than prosecuting this Action.

(d) All individuals to whom the "ATTORNEY'S EYES ONLY/CONFIDENTIAL" material is disclosed pursuant to paragraph 8.3(a) shall be informed of and shall agree with the terms of this Order; shall not disclose or use the "ATTORNEY'S EYES ONLY/CONFIDENTIAL" material except in compliance with this Order; and shall, before receiving the "ATTORNEY'S EYES ONLY/CONFIDENTIAL" material, acknowledge their agreement to comply with this Order by signing the "Acknowledgment and Agreement to be Bound" that is attached as Exhibit A. After its execution, a copy of each such acknowledgment form must be provided promptly to counsel for Defendants.

9.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is (1) subject to a claim of privilege, to include all common law and governmental privileges or other protection described in this Order; or (2) is information described in Category 1 or a document described in Category 2, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence

502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Order submitted to the Court.

13. <u>MISCELLANEOUS</u>

    13.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    13.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

    13.3   <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

14. <u>FINAL DISPOSITION</u>

    After the final disposition of this Action, as defined in paragraph 4 of this Order, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, if requested by any Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

(by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Parties may retain Protected Material for government record retention purposes as required by statute, but only under conditions that maintain the confidentiality of the information in accordance with this Order. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in paragraph 4 of this Order.

15.  <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: October 30, 2019

/s/ *Yolanda C. Rondon*
YOLANDA C. RONDON
2 Massachusetts Avenue NE #2347
Washington DC 20013
E-mail: yrondonesq@gmail.com
Telephone: (202) 981-2469
*Pro Hac Vice*

ATOOSA VAKILI
Law Office of Atoosa Vakili
US Immigration Legal Services
100 Spectrum Center Drive, Ste. 900
Irvine, CA 92618
E-mail: atoosa@usils.com
Telephone: (949) 667-0976
*Local Counsel*

ROSELINE FERAL
Law Office of Roseline D. Feral
444 West C Street, Suite 310
San Diego, CA 92101
E-mail: roselineferal@gmail.com
Telephone: (619) 232-1010
Facsimile: (619) 231-2505

*Attorneys for Plaintiff*

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

LAUREN E. FASCETT
Senior Litigation Counsel

*/s/ William H. Weiland*
WILLIAM H. WEILAND
Trial Attorney
MA Bar Identification No. 661433
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
E-mail: william.h.weiland@usdoj.gov
Telephone: (202) 305-0770

JOSEPH F. CARILLI, JR.
Trial Attorney

*Attorneys for Defendants*


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED: November 6, 2019

_____
HON. ROZELLA A. OLIVER
United States Magistrate Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ZAHRA AFIANIAN,

Plaintiff,

v.

KEVIN MCALEENAN, *et al.*,

Defendants.

Case No. 2:17-cv-07643-FMO-RAO

CERTIFICATION

1. My name is_____.

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.


Executed this ____ day of _____ by _____
                                              (Print Name)


Signed_____